**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| COLEMAN GREGORY, | : | |
| | : | Civil Action No. 23-3778 (CCC) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| NEW JERSEY STATE PAROLE BOARD, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

*Pro se* petitioner Coleman Gregory seeks to file a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  A habeas petition must include either a $5.00 filing fee or an application to proceed *in forma pauperis* ("IFP").  28 U.S.C. §§ 1914(a), 1915(a).  A prisoner who seeks to proceed IFP must file (1) a completed affidavit of poverty; and (2) a certification signed by an authorized prison official certifying (a) the amount presently on deposit in the prisoner's prison account, and (b) the greatest amount on deposit in the prison account during the six months prior to the date of the certification.  *See* L. Civ. R. 81.2(b).  If the prison account exceeds $200.00, the prisoner is not eligible to proceed IFP, and the application will be denied.  L. Civ. R. 81.2(c).

Here, Petitioner did not include the $5.00 filing fee or an IFP application.[1]  Thus, the Court will administratively terminate the case and direct the Clerk of the Court to provide Petitioner with the proper IFP form.  Petitioner may reopen this matter by either paying the $5.00 filing fee or submitting an IFP application on the proper form with the appropriate certification and supporting documents.

---

[1] The Court notes that Petitioner filed a cover letter with his petition stating that he was advised that he "need[ed] to file a 2241 instead of [a] 2254" and he "already paid the $5 [] filing fee for Habeas Corpus Complaint in this matter."  ECF No. 1-1.  He requests that "the filing fee for the []2254[] be acceptable for the 2241 complaint form."  *Id.*  The Court has no record of a $5 fee paid in connection with an earlier filed habeas petition by Petitioner.

IT IS, therefore, on this 11th day of December, 2024,

**ORDERED** that the Clerk of the Court shall administratively terminate this proceeding; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that, if the case is reopened, it is not subject to the statute of limitations time bar provided the original petition was timely; and it is further

**ORDERED** that Petitioner may have this proceeding reopened, if, within 30 days of the date of the entry of this order, he either pays the $5.00 fee or submits to the Clerk a complete signed IFP application, including a complete affidavit and the required certification of an officer of the institution; and it is further

**ORDERED** that, upon receipt of a writing from Petitioner stating that he wishes to reopen this proceeding and either a complete IFP application or filing fee within the time allotted by this Court, the Clerk will be directed to reopen this proceeding; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum and Order and a blank Application to Proceed In Forma Pauperis in a Habeas Corpus Case, form DNJ-Pro Se-007-B-(Rev. 09/09), upon Petitioner by regular U.S. mail.

*/s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**